IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO RUTHERFORD, | ) | |
| | ) | |
| Petitioner, | ) | Criminal Action No. 15-158 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

Petitioner's Motion (Doc. 117) under 28 U.S.C. § 2255 will be denied. An evidentiary hearing is unnecessary because the filings of record show that Petitioner is not entitled to relief.

Petitioner's original Motion was filed *pro se*, and, later, counsel was appointed to supplement his arguments regarding *Rehaif*. The Court first will address the contents of the *pro se* filing, then will address the counseled aspects of *Rehaif*.

Petitioner claims that trial counsel was ineffective in advising him regarding his plea agreement, which specifically contemplated that the government may seek a sentencing enhancement based on Petitioner's drug-trafficking activity causing the overdose death of his victim. The government made such a request, an evidentiary hearing was held, Petitioner's trial counsel rigorously opposed the enhancement, both factually and legally, and the government prevailed. The Court of Appeals for the Third Circuit affirmed on direct appeal, and Petitioner has failed to show that his trial counsel was deficient, or that Petitioner suffered prejudice.

Petitioner stops short of claiming that counsel promised him the sentencing enhancement would not apply. *See* Doc. 117-1 at 5 ("Rutherford had been assured of his Guideline range, and[,] in fact, his attorney was asking for a downward departure."). Rather, Petitioner faults

counsel, in essence, for not having a "crystal ball," and anticipating that the Court would apply the enhancement. *See id.* at 8 ("counsel knew, or should have known, that Rutherford would be upward[ly] departed").

To be clear, neither counsel, nor the Court, could have known whether the enhancement would be applied, until a full evidentiary hearing was conducted and the Court made its findings. As the government notes, moreover, the Court specifically asked Petitioner at the Change of Plea Hearing whether anyone had induced him to plead guilty by "ma[king] any prediction or promise . . . as to what [his] actual sentence would be." Doc. 102 at 18. Petitioner responded, unequivocally, "No." *Id.* Lest there remain any doubt, the Court *also* specifically advised Petitioner: "[A]fter your advisory guideline range has been calculated, the Court does have the authority, in some circumstances, to depart from that range, . . . and that[,] as a result, [the Court] may decide on a sentence that is different from the advisory guideline sentence." *Id.* at 17. Petitioner, again, expressly affirmed his understanding. *See id.* ("Yes[, I understand].")

In sum, the Court agrees with the government that Petitioner's complaints equate to "Monday-morning quarterbacking," and "buyer's remorse," which do not provide legitimate grounds for 2255 relief. The Court also agrees with the government that prejudice cannot be established, and its analyses and reasoning are incorporated by reference (and, notably, the discussions above likewise demonstrate a lack of prejudice).

The remainder of Petitioner's *pro se* arguments consist of unsubstantiated claims of innocence and/or lack of culpability, plainly refuted by the record; and his attempted invocation of *Rehaif*. As to the latter, Petitioner misinterprets the decision, arguing that he lacked knowledge of possessing the firearm, as opposed to his status as a convicted felon. *See* Doc. 117-1 at 4 ("A gun, that Rutherford did not know of, in a metal cabinet next to his

girlfriend's bed, is not proof of Rutherford's 'knowing' he possessed said gun.  Rutherford . . . plead[ed] guilty to possession . . . to avoid the government's prosecution and persecution of [his] girlfriend.").

As the government correctly states, Petitioner's *Rehaif* claim is procedurally defaulted. Under materially similar circumstances, this Court, and the Court of Appeals for the Third Circuit, consistently have held the same.  *See, e.g.*, U.S. v. Penn, 2022 WL 395058 (W.D. Pa. Feb. 9, 2022) (Fischer, J.); U.S. v. Zareck, 2021 WL 4391393, *72-78 (W.D. Pa. Sept. 24, 2021) (Conti, J.); U.S. v. Wood, 2021 WL 1022693, *7-14 (W.D. Pa. Mar. 17, 2021) (Schwab. J.); *see also, e.g.*, U.S. v. Robinson, 2022 WL 2155062 (3d Cir. Apr. 8, 2022) (denying certificate of appealability based on procedural default); U.S. v. Stoner, 2022 WL 671455 (3d Cir. Mar. 1, 2022) (same); U.S. v. Reed, 2021 WL 4523700 (3d Cir. Apr. 5, 2021) (same).

Having procedurally defaulted, Petitioner must demonstrate both cause and actual prejudice − or actual innocence.  Actual innocence is not meaningfully at issue.  Petitioner's present claim that the gun was his girlfriend's, and that he "took the fall" for her, does not provide colorable grounds.  *See generally* Frisby v. Superintendent Rockview SCI, 2021 WL 3869498, *1 (3d Cir. Jul. 28, 2021) ("new, reliable evidence of his innocence" is required, showing that "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt") (emphasis added, citation to binding legal authority omitted).  His counsel's actual-innocence arguments are circular (*i.e.*, Defendant is actually innocent because he now claims to have been unaware of his felon status), and do not advance the inquiry.  *See* U.S. v. Hunt-Irving, 2022 WL 1623651, *2 (E.D. Pa. May 23, 2022) (collecting cases holding that a claimed lack of knowledge regarding felon status cannot establish actual innocence under *Rehaif*).

That leaves "cause" and "actual prejudice." The Court need not address the former, because Petitioner has not shown the latter. Petitioner's showings must establish a reasonable probability that, but for the complained of errors, he would not have pleaded guilty and would have insisted on going to trial. U.S. v. McLaughlin, 2022 WL 2181063, *9 (M.D. Pa. Jun. 6, 2022) (citation to quoted and other sources omitted). Petitioner, and his counsel, have identified no evidence, or indication in the record, to this effect. Rather, when Petitioner first raised Rehaif, he insisted only that he did not *knowingly possess a firearm*; not that he was unaware of his felon status. *See* discussions *supra*.

Petitioner and his counsel's current protestations notwithstanding, the only indications in the record are that he was aware of his felon status. *See, e.g.*, COP Tr. (Doc. 102) at 19 (THE COURT: " . . . did you possess a firearm . . . after a prior felony conviction, in violation of Title 18, United States Code, Section 922(g)(1)?" THE DEFENDANT: "Yes.") (emphases added). Petitioner's *Rehaif* claim is procedurally defaulted, he cannot overcome the default and his 2255 Motion (**Doc. 117**) is **DENIED**.[1]

No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable. *See* Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

August 2, 2022                                       s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

---

[1] Procedural default aside, Petitioner's trial and appellate counsel were not ineffective in failing to raise a *Rehaif* claim. *See* Stoner v. U.S., 2021 WL 3472385, *5 (M.D. Pa. Aug. 6, 2021) (holding same, because "failing to predict a change in the law is not deficient performance") (citation to quoted, binding authority omitted). For the reasons already explained, moreover, Petitioner cannot establish prejudice.

cc (via First-Class U.S. Mail):

Antonio Rutherford
USMS 35774068
P.O. Box 5000
Bruceton Mills, WV  26525


cc (via ECF email notification):

All Counsel of Record